IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

THEODORE THOMAS,

       Plaintiff,

vs.

TENNESSEE VALLEY AUTHORITY,
et al.,

       Defendants.

No. 11-2712-STA-dkv

---

ORDER OF PARTIAL DISMISSAL
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS
ON THE REMAINING DEFENDANTS

---

On August 18, 2011, Plaintiff Theodore Thomas, a resident of Memphis, Tennessee, filed a pro se complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq., accompanied by a motion seeking leave to proceed in forma pauperis. (ECF Nos. 1 & 2.) The Court issued an order on August 19, 2011, granting leave to proceed in forma pauperis. (ECF No. 3.) The Clerk shall record the defendants as the Tennessee Valley Authority ("TVA"); Tom Kilgore, the President and Chief Executive Officer of the TVA; and the TVA Board of Directors.

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action —

    (i)      is frivolous or malicious;

(ii)     fails to state a claim on which relief may be granted; or

(iii)     seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007), are applied. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950; see also Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would _ipso_ _facto_ fail to state a claim upon which relief can be granted." Hill, 630 F.3d at 470 (internal citation omitted).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness.

Id. at 471 (internal citations & quotation marks omitted).

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004)

("District judges have no obligation to act as counsel or paralegal to pro se litigants."); <u>Young Bok Song v. Gipson</u>, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of <u>pro se</u> litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), <u>cert. denied</u>, ___ U.S. ___, 132 S. Ct. 461, 181 L. Ed. 2d 300 (2011).

The Complaint contains no factual allegations against Defendant Kilgore other than the statement that the TVA acts through him. (Compl. ¶ 14, ECF No. 1.) Plaintiff cannot sue Kilgore in his individual capacity under Title VII. An employer is defined under Title VII as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such person." 42 U.S.C. § 2000e(b). The Sixth Circuit has held that, despite the use of the term "agent" in the definition of "employer," individual coworkers or supervisors cannot be held liable under Title VII. <u>Akers v. Alvey</u>, 338 F.3d 491, 499-500 (6th Cir. 2003); <u>Wathen v. General Elec. Co.</u>, 115 F.3d 400, 404-06 (6th Cir. 1997). Therefore, the Court DISMISSES the Complaint against Defendant Kilgore pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Complaint does not set forth the basis for Plaintiff's claim under the Rehabilitation Act. That claim is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Service will issue on Plaintiff's Title VII claim against the TVA and the TVA Board of Directors.[1] It is ORDERED that the Clerk shall issue process for Defendants and deliver that process to the marshal for service. Service shall be made on Defendants pursuant to Federal Rule of Civil Procedure 4(i)(2). All costs of service shall be advanced by the United States. The service on Defendants shall include a copy of this order.

It is further ORDERED that Plaintiff shall serve a copy of every document filed in this cause on the attorneys for Defendants. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's local rules.[2]

Plaintiff shall promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED this 6th day of July, 2012.


**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

---

[1]    The EEOC decision states that the proper defendants in any civil action are the TVA Board of Directors. (See ECF No. 1-1 at 7.)

[2]    A free copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the Court's website at www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.